UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REBECCA HOLT ABNEY,

    Plaintiff,

v.                                                       Case No. 8:23-cv-1004-CPT

LELAND DUDEK, ACTING
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,[1]

    Defendant.
_____/

**O R D E R**

Before the Court is the Social Security Administration's (SSA) second renewed motion to dismiss Plaintiff Rebecca Abney's pro se complaint (Doc. 44). For the reasons discussed below, the SSA's motion is granted.

I.

This case stems from the SSA's payment of social security benefits to Abney and her husband, Roy Abney, based on fraudulent representations the couple allegedly made to the SSA between 2001 and 2009. *See United States v. Abney*, 8:11-cr-435-JSM-EAJ, at (Doc. 1) (M.D. Fla. Aug. 23, 2011).[2] As a result of this purported conduct,

---

[1] Mr. Dudek became the Acting Commissioner of Social Security on February 19, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Dudek is substituted for the former Acting Commissioner, Michelle King, as the Defendant in this suit.

[2] The Court may take judicial notice of the docket entries in Abney's former criminal case. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting that a court is allowed to

Abney and her husband were charged in an indictment in August 2011 with one count of conspiracy, two counts of theft or conversion of government funds, and several counts of making materially false statements to obtain social security benefits. *Id.*

Abney ultimately pleaded guilty to one of the conversion counts and was sentenced in November 2012 principally to a term of imprisonment of one year and a day. *Id.* at (Docs. 43, 54, 71). The presiding District Judge also directed Abney to pay the SSA approximately $91,000 in restitution and entered a forfeiture money judgment in the amount of $88,000 against her as well. *Id.*

In light of Abney's criminal behavior, the SSA has withheld benefits from her for some time as a means of recouping the monies it overpaid her. *See generally* (Doc. 1); (Doc. 44 at 11). The SSA maintains that it is entitled to take this measure until Abney's outstanding balance is fully satisfied. (Doc. 44 at 11–12).

In May 2023, Abney—proceeding pro se—initiated this lawsuit against the SSA, requesting she be awarded more than $100,000 in benefits that she asserts the SSA has wrongly denied her since 2009 "in the most part." (Doc. 1). *Id.* In support of this claim, Abney states that she believes she has repaid the SSA much, if not all, of the debt she owes it. *Id*. Abney also avers that she applied for widow's benefits following her husband's death in December 2021, but that she has not received those funds even though she was initially told she was eligible to collect them. *Id*. According

"take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation" and attendant filings) (internal quotation marks and citation omitted).

to Abney, she has made "every possible attempt" to resolve her dispute with the SSA but the SSA has "[r]efused to do [a]nything" about it. *Id.* Abney relatedly asserts that the SSA has rebuffed her repeated efforts to examine her Social Security file. *Id.*

The SSA has twice moved to dismiss Abney's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). (Docs. 8, 26). In connection with these motions, the SSA submitted a declaration from an SSA representative, who attested that Abney still owed the SSA roughly $45,000. (Doc. 8-1 at 3). In response to the SSA's motions, Abney criticized the SSA's handling of her disagreement with the agency and asked for "discovery," among other things. (Docs. 10, 11, 13, 14, 30).

The Court conducted hearings on the SSA's motions and denied both of them without prejudice. (Docs. 18, 40). In its most recent Order, the Court instructed the SSA, *inter alia*, to address in any renewed motion to dismiss whether the Court could consider the SSA representative's declaration under Rule 12(b)(6), and to submit a declaration from a qualified witness establishing that Abney was provided her entire social security file. (Doc. 40).

The SSA's instant motion to dismiss, brought pursuant to Rule 12(b)(6), followed. (Doc. 44). Abney has filed a response in opposition to this motion and has also submitted a supplement to her response. (Docs. 48, 49). The matter is thus now ripe for the Court's consideration.

II.

Rule 12(6) permits a court to dismiss a complaint where a plaintiff fails to assert a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule

3

12(b)(6), a complaint must set forth adequate factual averments to state a claim for relief that is "plausible on its face." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint crosses this threshold "when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).

In evaluating a complaint under this framework, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). A court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin*, 738 F.3d at 1248 n.1 (citations omitted). Further, while a pro se pleading is to be construed liberally, a court may not "act as de facto counsel" for an unrepresented litigant, nor may it "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Here, the SSA contends that Abney's complaint should be dismissed pursuant to Rule 12(b)(6) because, among other things, Abney did not exhaust her administrative remedies and secure a final ruling from the SSA on her claim under 42

U.S.C. § 405 before seeking redress in federal court. (Doc. 44).[3] To understand the basis for the SSA's exhaustion argument, some background is necessary.

A court's jurisdiction in social security cases is generally governed by section 405(g), which authorizes judicial review of a "final decision of the Commissioner of Social Security made after a hearing[.]" 42 U.S.C. § 405(g). Under the applicable regulations, a claimant may obtain a "final decision" by proceeding through a robust administrative review process. *See* 20 C.F.R. § 404.900; *Smith*, 587 U.S. at 475–76. This review process consists of four steps: (1) an initial determination by a state agency acting under the Commissioner regarding a claimant's eligibility for benefits; (2) a request for reconsideration of the SSA's initial determination if the claimant disagrees with that assessment; (3) a request for a hearing before an Administrative Law Judge (ALJ) within the SSA's Office of Hearings and Appeals if reconsideration of the SSA's

---

[3] Although courts have described a claimant's failure to exhaust her administrative remedies as implicating subject matter jurisdiction, *see Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (holding that the failure to exhaust administrative remedies under section 405(g) is jurisdictional), the SSA moves to dismiss under Rule 12(b)(6) in reliance on the Supreme Court's ruling in *Smith v. Berryhill*, 587 U.S. 471 (2019) that exhaustion is not jurisdictional, *see* (Doc. 44 at 6) (citing *Smith*, 587 U.S. at 478). The Court agrees with this approach. *See L.N.P. v. Kijakazi*, 64 F.4th 577, 586 (4th Cir. 2023) (explaining that a court could "review the merits of the exhaustion requirement under Rule 12(b)(6) . . . because the merits of that defense can be fully adjudicated by looking to the face of the complaint to determine whether [a claimant] would be able to justify excusing compliance with [section] 405(g)'s exhaustion requirement"); *Dunn v. Comm'r of Soc. Sec.*, 832 F. App'x 62, 63 (2d Cir. 2020) (construing a district court's decision to dismiss a case for failure to exhaust administrative remedies as falling under Rule 12(b)(6) "because the failure to obtain a final decision is a waivable—and thus non-jurisdictional—requirement under [section] 405(g)") (citations omitted); *see also Rouzard v. Comm'r of Soc. Sec.*, 2025 WL 404917, at *3–4 (M.D. Fla. Jan. 28, 2025) (applying Rule 12(b)(6) to the Commissioner's motion to dismiss the plaintiff's complaint on the ground that the plaintiff did not exhaust his administrative remedies), *report and recommendation adopted*, 2025 WL 404915 (M.D. Fla. Feb. 5, 2025).

initial determination does not satisfy the claimant; and (4) an evaluation of the ALJ's decision by the Appeals Council within the SSA's Office of Hearings and Appeals if the claimant is displeased with the ALJ's decision. *See Wolf v. Comm'r of Soc. Sec.*, 2015 WL 6750903, at *1 (M.D. Fla. Oct. 15, 2015) (citations omitted), *report and recommendation adopted*, 2015 WL 6736771 (M.D. Fla. Nov. 4, 2015). Once a claimant has completed all four of these steps, she is entitled to seek "judicial review in federal district court." *Smith*, 587 U.S. at 475–76. This exhaustion requirement not only ensures that the SSA "function[s] efficiently,'" it also allows the agency "an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Crayton*, 120 F.3d at 1222 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)); *see also L.N.P.*, 64 F.4th at 584 (observing that the exhaustion requirement is "designed to let [the] SSA process claims in accordance with its complex procedures and [to] apply its expertise before authorizing judicial review").

Notwithstanding the importance of the exhaustion requirement, there are exceptions to it. These include a waiver by the SSA and an excusal by a court. *Smith*, 587 U.S. at 478 (citation omitted). A waiver by the SSA may occur when the agency does not properly raise the exhaustion issue in a judicial proceeding. *See Wolf*, 2015 WL 6750903, at *2 (citing *Heckler v. Day*, 467 U.S. 104, 110 n.14 (1984); *Weinberger v. Salfi*, 422 U.S. 749, 766–67 (1975)). In *Heckler*, for example, the SSA did not contest the sufficiency of the plaintiffs' efforts to exhaust their administrative remedies, and

6

the Supreme Court interpreted this omission as amounting to a waiver on the matter. *Heckler*, 467 U.S. at 110 n.14.

A court's excusal of the exhaustion requirement typically involves a three-pronged inquiry: (1) whether a plaintiff's complaint poses a colorable constitutional claim or presents issues "entirely collateral" to the plaintiff's claim for benefits; (2) whether enforcing the exhaustion requirement would cause "irreparable injury;" and (3) whether exhaustion would be "futile." *Comack v. Comm'r, Soc. Sec. Admin.*, 2024 WL 4719238, at *2 (11th Cir. Nov. 8, 2024) (per curiam) (citing *Mathews v. Eldridge*, 424 U.S. 319, 326–32 (1976) and *Crayton*, 120 F.3d at 1222); *see also Klimowicz v. Comm'r of Soc. Sec.*, 2024 WL 1603996, at *3 (M.D. Fla. Feb. 8, 2024) (stating that a court may relieve a plaintiff of the necessity of completing the SSA's administrative review process where the plaintiff "raises either a colorable constitutional claim or a challenge wholly collateral to her claim for benefits and makes a colorable showing that her injury could not be remedied by the retroactive payment of benefits after exhaustion") (internal quotation marks and citation omitted). If it is evident from the pleadings that a plaintiff has not exhausted her administrative remedies and that no exception to the exhaustion requirement applies, dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate. *L.N.P.*, 64 F.4th at 586.

Applying these principles here, the Court finds that Abney's complaint is fatally deficient. As noted above, the gist of this pleading is that the SSA is wrongfully withholding Abney's benefits to recover the funds she and her husband illegally acquired from the agency. (Doc. 1). Even accepting these allegations as true and

7

construing them in the light most favorable to Abney, nowhere in Abney's complaint does she aver that she proceeded through each of the four steps of the SSA's administrative review process. *Id*. In fact, she tacitly concedes that she did not. *Id.* By way of example, Abney alleges in her complaint that she made a "final attempt" with the SSA approximately one month before commencing this action after being told that the SSA was "working on" her request. *Id.* Abney similarly states in her response to the SSA's instant motion that she "made [a]ppeals" to a local SSA office and sought "reconsideration of [those] appeals" but does not "feel that [she] need[s] to exhaust [herself] any further with [the local SSA office] or any ALJ, Appeals Council, or anyone[.]" (Doc. 48 at 2).

Abney likewise does not specify in her complaint a final decision by an ALJ, let alone by the Appeals Council, for the Court to review. Instead, the most she offers for the Court's consideration are letters and billing statements from the SSA and other documents concerning her criminal case. *See generally* (Doc. 49-1).

Abney's acknowledged failure to exhaust her administrative remedies provides a basis for dismissing her complaint. *See United States v. Nelson*, 2013 WL 3381436, at *2 (E.D. Mich. July 8, 2013) ("[I]f a plaintiff wishes to challenge a withholding [of her benefits], the plaintiff must first exhaust her administrative remedies before seeking relief in court.") (citation omitted); *United States v. Brown*, 2012 WL 75105, at *4 (W.D. Pa. Jan. 10, 2012) ("[T]o the extent that the [SSA] continues to withhold the entirety of the [claimant's] benefit checks, . . . any challenge to same is more appropriately brought directly to the agency pursuant to the applicable administrative processes and

procedures, rather than to this [c]ourt's attention."); *see also United States v. Howard*, 2018 WL 1312404, at *2 (E.D. Mich. Mar. 14, 2018) ("The [g]overnment correctly argues that [section] 405(g) is the only avenue through which [a claimant] can contest the [SSA's] determination to withhold benefits.") (citation omitted).[4]

The fact that there are exceptions to the exhaustion requirement—i.e., waiver by the SSA or excusal by the court—is of no moment here. To start, Abney does not address these exemptions in her submissions, and her failure to do so constitutes a waiver on the issue. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."), *overruled in part on other grounds by United States v. Durham*, 795 F.3d 1329, 1331 (11th Cir. 2015) (en banc); *Baptist Hosp. of Mia., Inc. v. Medica Healthcare Plans, Inc.*, 2019 WL 1915386, at *1 n.1 (S.D. Fla. Mar. 21, 2019) (deeming arguments to be waived where the plaintiff failed to address them).

Irrespective of the question of a waiver, the SSA cannot be said to have relinquished its right to pursue its exhaustion challenge against Abney, as it raised that challenge in its motion to dismiss. Nor can the Court discern a basis for excusing Abney from the exhaustion requirement. The Court notes in this respect that Abney

---

[4] As referenced previously, the Court ordered the SSA to furnish Abney with her entire social security file. (Doc. 40). Abney seemingly disputes that the SSA did so, asserting that she lacks a calculation of the balance of the restitution owed and/or documents related to her husband's file. *See* (Docs. 23, 42, 43, 46). The SSA, however, tendered a declaration stating that it produced Abney's full record, consisting of 1,289 pages, both electronically and in hard copy. (Doc. 45-1). Regardless, Abney does not demonstrate how any additional documents in her file would assist her in establishing that she completed the SSA's administrative review process.

does not appear to raise a colorable constitutional claim in her complaint or present issues in that pleading which are entirely collateral to her claim for benefits. *See Klimowicz*, 2024 WL 1603996, at *3 (stating that courts may excuse the need for exhaustion where, *inter alia*, a plaintiff raises "either a colorable constitutional claim or a challenge wholly collateral to her claim for benefits") (internal quotation marks and citation omitted); *see also Comack*, 2024 WL 4719238, at *3 (declining to disregard the exhaustion requirement where the plaintiff's "allegations of error stem[med] directly from his claim for benefits"); *see also L.N.P.*, 64 F.4th at 587 ("[S]ystemic procedural violations that arose from [the underlying] claim for benefits . . . [do] not justify bypassing the exhaustion requirement of [section] 405(g)."). Furthermore, there has been no showing that a failure to excuse the exhaustion requirement would cause Abney irreparable harm or that exhaustion would be futile. *Comack*, 2024 WL 4719238, at *2. That Abney has so far been unsuccessful in resolving her disagreement with a local SSA office is insufficient to show futility. *Id*. at *3 ("[E]xhaustion would not be futile because [the claimant's] continued pursuit of his claim at the administrative level could potentially result in a disability determination in his favor[.]") (citation omitted).

      Based upon the foregoing, Abney's complaint is due to be dismissed pursuant to Rule 12(b)(6). *See id.* ("The district court did not err in dismissing [the plaintiff's] complaint because he failed to exhaust his administrative remedies.") (citations omitted); *see also Rouzard*, 2025 WL 404917, at *4 n.6 (dismissing a complaint under Rule 12(b)(6) for failure to exhaust administrative remedies after considering the

10

pleadings and, alternatively, the administrative record and the items attached to the plaintiff's response to the motion to dismiss as well); *Bruder v. Comm'r of Soc. Sec.*, 2024 WL 945302, at *2 (M.D. Fla. Mar. 5, 2024) (dismissing a social security appeal where the claimant did not aver exhaustion in the complaint and the record demonstrated otherwise); *Edwards v. Comm'r of Soc. Sec.*, 2023 WL 3338805, at *2 (M.D. Fla. May 10, 2023) (granting a motion to dismiss a social security appeal because the claimant did not "allege or provide any evidence that a final decision was issued in his case"). Although a pro se plaintiff is normally given at least one chance to amend her complaint, the Court need to do so here given Abney's failure to satisfy the exhaustion requirement. *See Santiago v. Kijakazi*, 2022 WL 17345073, at *5 (M.D. Fla. Nov. 14, 2022) (citations omitted), *report and recommendation adopted*, 2022 WL 17338812 (M.D. Fla. Nov. 30, 2022). That said, the Court will dismiss the case without prejudice so that Abney can proceed before the SSA. *See Crayton*, 120 F.3d at 1222 (explaining that dismissal of a complaint against the Commissioner was proper so that the plaintiffs could "pursue administrative remedies and then return to federal court if appropriate").

In addition to challenging Abney's complaint on exhaustion grounds, the SSA contends that other theories on which Abney might predicate her claim for benefits—namely, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA)—are meritless as well. The Court agrees.

11

In *Bivens*, the Supreme Court ruled that "there exists an implied private right of action for damages against federal officers for violating a citizen's constitutional rights." *Taylor v. Pekerol*, 760 F. App'x 647, 652 (11th Cir. 2019) (per curiam) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)). *Bivens*, however, only permits claims to "be brought against federal officers in their individual capacities" and "does not extend to allow causes of action against federal agencies." *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 297–98 (11th Cir. 2009) (per curiam) (citations omitted). Here, Abney sues the SSA, not federal officers acting in their individual capacities.

As for the FTCA, it provides district courts with original jurisdiction over civil actions "against the United States[ ] for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the [g]overnment while acting within the scope of his office or employment with the United States[.]" 28 U.S.C. § 1346(b)(1). Section 405, however, precludes a plaintiff from utilizing the FTCA to bring a lawsuit against the SSA for a claim arising under the Social Security Act. *See Raczkowski v. United States*, 138 F. App'x 174, 175 (11th Cir. 2005) (per curiam) ("We conclude that because [the plaintiff's] claim is one arising under the [Social Security] Act, [section] 405[ ] bars him from asserting jurisdiction under the FTCA[.]"). Nor, for the reasons explained by the SSA in its motion, does it appear that Abney has met the prerequisites for an FTCA claim in any event. *See* (Doc. 44 at 14–15).

IV.

For the reasons set forth above, it is hereby ORDERED:

1. The SSA's second renewed motion to dismiss the Plaintiff's complaint (Doc. 44) is granted, and the Plaintiff's complaint is dismissed without prejudice.

2. The Clerk of Court is directed to enter Judgment in the SSA's favor, to terminate any pending motions, and to close the case.

SO ORDERED in Tampa, Florida, this 24th day of April 2025.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Pro se Plaintiff